## BISSELL *v.* MOORE.

AGENCY—AUTHORITY TO RETAIN ATTORNEY—EVIDENCE.

> The question as to the authority of an agent to employ an attorney for defendant, and to agree upon his retainer, should be submitted to the jury, upon evidence that the agent represented to the attorney that he had such authority, that the latter refused to accept the retainer unless a claim that he held against the adverse party to the suit was settled for a specified amount, that the defendant gave the attorney his note for that amount, receiving an assignment of the claim, that the attorney then agreed to be retained, and afterwards had conversations with the defendant about what had taken place between himself and the agent, that the defendant then desired him to confer with another attorney, and to take part in the trial, that he did confer with the latter, and made briefs and sent them to him, and that upon one occasion the defendant remarked, "You are my attorney, and not the agent's," and that, after the suit was settled, the defendant asked for the attorney's bill.

Error to Wayne; Frazer, J.   Submitted October 5, 1898.   Decided January 20, 1899.

*Assumpsit* by Edward J. Bissell against Charles W. Moore for services as attorney.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*John Atkinson*, for appellant.

*Edward J. Bissell, in pro. per.*

LONG, J.   This action was brought to recover the amount claimed to be due the plaintiff as a retainer and for services in a suit brought by the defendant.   Plaintiff is an attorney at law, and resides at Milford.   Defendant resides in Detroit.   Plaintiff's claim is that one Colegrove came to him at Milford, and stated he was the agent for Mr. Moore, the defendant here, and was authorized by him to retain the plaintiff in a suit against one Ainsworth; that plaintiff made briefs in the case, and performed certain other services therein, for which he claimed compensation.   On the trial, the defendant contended that Colegrove was not his agent, and had no authority to make the agreement.   This was the main issue on the trial, and the court below left it to the jury to determine.   Plaintiff had verdict and judgment for $250.   Defendant brings error.

Defendant claims here that there was no evidence tending to show that Colegrove had authority to make a contract with plaintiff for his services or to agree upon a retainer.   The plaintiff was called as a witness, and testified substantially that Colegrove came to Milford, and told him that Moore had authorized him to retain him (plaintiff) in the case against Ainsworth; that Colegrove said he had told Moore it would cost him $200 or $250 for a retainer; that he (plaintiff) before this time had had some trouble with Ainsworth, in which he claimed the latter owed him $500, and he would not be retained unless Colegrove or Moore fixed that up; that this was settled for

$300, Moore giving his note to plaintiff for that amount, and taking back from him an assignment of plaintiff's claim against Ainsworth; that plaintiff then agreed to be retained against Ainsworth; that he afterwards saw defendant, Moore, in Detroit several times, and had some conversations with him about what had taken place between himself and Colegrove, and that defendant then desired him to confer with Col. Atkinson,—who was then Moore's attorney in the matter,—and to take part in the trial of the case; that he did confer with Atkinson repeatedly in the matter, and made briefs and sent them to Atkinson; that upon one occasion he complained to defendant of something Colegrove had said or done, and defendant said, "You must remember you are my attorney, and not Colegrove's." It appears that, after matters were settled between defendant and Ainsworth, defendant wrote plaintiff to send him his bill. This plaintiff did, but, getting no response from it, about a month later he wrote defendant to send him a part of it if he could not send the whole. Shortly after this, defendant wrote plaintiff, claiming he was not indebted to him, and had never retained him in the case, and that it was a matter of Mr. Colegrove's, and he must settle with Colegrove. Mr. Colegrove in his testimony admitted that in a conversation with plaintiff he told him he had had a talk with defendant, and that defendant wanted plaintiff to appear in the Ainsworth case, and that plaintiff had better go up and see him. It cannot be said, under these circumstances, that there was no evidence to go to the jury on the question of the authority of Colegrove to make this contract for defendant with the plaintiff. The court submitted the question very fairly to the jury.

Some other questions are raised, which we have carefully examined. We find no error on the trial of the cause.

The judgment is affirmed.

The other Justices concurred.